


**Peter K. Mwithiga**
3226 W. Indian School Road
Apartment C334
Phoenix AZ, 85017
pmwithiga@gmail.com
(602) 486-7382

Pro Se

**2:14-cv-02187-JAD-VCF**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA IN LAS VEGAS

| | |
|---|---|
| PETER MWITHIGA<br>Plaintiff,<br>vs.<br>MGM RESORT INTERNATIONAL, Aria Hotel and Casino, and Joseph D'Ambra, inclusive<br>Defendants | Case No.:<br>**COMPLAINT FOR DAMAGES: STATUTORY CLAIM FOR NATIONAL ORIGIN DISCRIMINATION; TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; PUNITIVE DAMAGES**<br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Peter Mwithiga and alleges as follows;

1. Defendants Joseph D'Ambra, Aria Hotel and Casino, MGM Resort International inclusive, are sued herein under their real names.

2. Plaintiff is informed and believes and thereon alleges that each of the named defendant is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants.

Each reference in this complaint to defendant, defendants, or specifically named defendant refers also to all the defendants sued.

3. Plaintiff is informed and believes, and alleges on the basis of that information and belief, that defendant Aria Hotel and Casino is a business entity doing business in the City of Las Vegas, County of Clark, Nevada.

4. Plaintiff is informed and believes, and alleges on the basis of that information that Defendant MGM Resort International is a business entity doing business in the City of Las Vegas, County of Clark, Nevada.

5. At all pertinent times mentioned herein, Defendant Aria Hotel and Casino regularly employed 15 or more persons, bringing Defendant employer within the provisions of 42 U.S.C.A § 2000e which prohibits employers or their agents from discriminating against employees on the basis of their National Origin.

6. Defendant D'Ambra's first adjustment of department's management schedule in Aria moved Plaintiff from swing shift to graveyard shift. Plaintiff had to write an email to the Vice President of Food and Beverage and to the Director of Restaurants before his schedule was put back to swing shift. Plaintiff did not think anything about that action but as time went by, Plaintiff came to realize that Defendant D'Ambra has a strong bias against people of African descent.

On or around September 25, Defendant Joseph D'Ambra asked Plaintiff and one Jorge Ortiz to revise the Swing Shift Schedule. This was to be done without William Johnson, the then Senior Assistant Exectutive Steward, knowing.

7. When Plaintiff and Mr. Ortiz presented the final schedule, It resulted in dramatic cut on labor while ensuring every restaurant was covered. Mr. D'Ambra stated that it was a great schedule but did not want to implement it.

8. Mr. Ortiz told Mr. D'Ambra that he had always made the schedule that way at the Riviera Hotel and even in Puerto Rico. Plaintiff stated that it was the same way he made schedules at the Golden Nugget.

9. A few weeks later, after realizing that the schedule will never be balanced to cover swing shift appropriately, Plaintiff and Mr. Ortiz inquired from Mr. D'Ambra whether the changes will be implemented.

10. During that conversation, Plaintiff told Mr. D'Ambra what Alden Lauer used to tell him at the Golden Nugget. Alden Lauer use to tell Plaintiff that "this is not Africa, if you think you know it all, you can go back to Africa."

11. From then on, on several occasions Defendant D'Ambra made comments such as "Denny may have been right, this is not Africa."

12. On or around July 16, 2012, Plaintiff and Denny started having problems. Plaintiff notified Defendant D'Ambra and Mr. D'Ambra said "don't worry, I will have a talk with Denny."

13. Plaintiff has no knowledge whether talk ever took place but Derogatory comments by Denny did not stop.

14. On or around August 13, 2012, Plaintiff applied for a position of Executive Banquet Steward at Aria Hotel.

15. On August 14, 2012, Plaintiff received eligibility notification from Human Resource Department.

16. On August 17, 2012, Plaintiff received an email from Ms. Teresa Rivera, Steward Department's administrative Assistant informing him that an interview had been scheduled for Tuesday, August 21, 2012 from 2:30 PM-3:00 PM between Plaintiff and Kristian Brandreth., Banquet Manager, Aria Hotel. On Tuesday August 21, 2012, at 11.30am, Plaintiff received a phone call from Ms. Rivera informing Plaintiff that the interview has been cancelled.

17. On August 22, Plaintiff emailed Mr. D'Ambra asking him whether

Plaintiff was going to get an interview for the position.

18. On August 23, Plaintiff received a phone call from Ms. Rivera in which Ms. Rivera wanted to know if Plaintiff could come for an interview with Chef Howard Stilianessis later that day at 1.30pm. Plaintiff agreed.

19. On August 23, 2012, Plaintiff arrived at Chef Howard's office at 1.15pm. Chef Howard did not arrive for the scheduled interview until 2.48pm. When Plaintiff explained that he was there for an interview that was scheduled for 1.30pm, Chef Howard exclaimed, "you guys ever heard of something called appointments." It was clear that no appointment was ever scheduled with Chef Howard.

20. Later on August 23, 2012 Plaintiff learnt that all the other candidates had been interviewed by Mr. D'Ambra and therefore the appointed with Chef Howard was a ploy to cover up National Origin Discrimination.

21. On or around January 22, 2013, Plaintiff applied for the position of Executive Steward at Vdara Hotel, owned and operated by Defendant MGM Resort International. Joseph D'Ambra, was the Hiring Manager.

22. On Wednesday January 23, 2013 Plaintiff received an eligibility assessment from Human Resource Department indicating Plaintiff was eligible. Later the same day, Plaintiff received another email indicating the position has been closed.

23. On Wednesday January 22, 2013 Joseph D'Ambra announced that Cesar Gamboa had been promoted to Executive Steward at Vdara Hotel and Spa.

24. The advertisement for Executive Steward at Vdara Hotel indicated that a degree in Hotel Administration or Hotel and Restaurant management is preferred.

25. Plaintiff had a degree in Hospitality Management at the time of applying.

26. Cesar Gamboa had no college degree.

27. Cesar Gamboa had not finished the 6 months probationary period for transfer or promotions as stipulated by Aria Policy.

28. Plaintiff was denied opportunity at Vdara because of his National Origin.

29. On April 12, 2013, Plaintiff applied for the position of Senior Assistant Executive Steward in charge of swing shift at Aria Hotel and Casino.

30. The Senior Assistant Executive Steward position required a candidate with at least four years of similar work experience—Management experience.

31. Approximately three weeks later, Plaintiff was told by Mr. D'Ambra that position of Senior Assistant Executive Steward was awarded to Jason Lahne.

Jason Lahne did not have 4 yrs. of management experience because he had only worked at Aria for three and a half years and his previous employment was as a lead kitchen worker under a union contract.

32. On May 13, 2013 Plaintiff filed an EEOC charge against Defendants.

33. Plaintiff's working conditions were dramatically changed after notifying employer that Plaintiff felt discriminated.

**FIRST CAUSE OF ACTION**

(Statutory Claim for National Origin Discrimination)

(42 U.S.C. § 2000e (2) (a) (1))

34. Plaintiff realleges and incorporates the allegations of Paragraph 1 through 33 of this complaint as though fully set forth herein.

35. Federal laws, as declared by Federal Constitution and Statutory Schemes, prohibit Among other things, employment discrimination because of National Origin.

36. At all times herein mentioned, Plaintiff was employed by Defendant Aria Hotel who Was Plaintiff's Employer pursuant to 42 U.S.C.A. § 2000e.

37. On or about May 16, 2005, plaintiff informed her immediate supervisor, Joseph D'Ambra that he is filing a national origin discrimination charge against

Defendants. That same day, Plaintiff delivered a statement to Todd Owens, Assistant Manager, Aria Human Resource.

38. Wednesday, May 22, 2013, Plaintiff had a meeting with Mr. Owens. Mr. Owens wanted to know how Plaintiff concluded that he is being discriminated because of his national origin.

39. Plaintiff explained his basis and was told that an investigation will be conducted and that Plaintiff will be contacted by Human Resource Department.

40. Approximately a month and a half later, Mr. Owens called Plaintiff on his day off and asked if Plaintiff could go to Mr. Owens office. Plaintiff agreed.

41. At the meeting, Mr. Owens informed Plaintiff that he had conducted and concluded the investigation on my charge and has concluded that my charge had no merit and therefore he was closing the file.

42. Plaintiff objected and notified Mr. Owens that none of Plaintiff's witnesses were contacted. At that time, Mr. Owens told plaintiff that Plaintiff could resign if he disagreed.

43. Plaintiff told Mr. Owens that he will not be pushed to resign. Mr. Owen replied that he was ready to initiate the resignation paperwork for Plaintiff whenever the plaintiff is ready to resign.

44. Mr. Owens, an Assistant Manager, investigated Joseph D'Ambra, a Director. Plaintiff was denied proper investigation.

45. Soon after the meeting with Mr. Owens, Plaintiff's schedule started getting rotated. Plaintiff would be off Monday-Tuesday one week and then Sunday- Monday the next week thereby subjecting Plaintiff to anywhere from seven to nine days of work before a day off.

46. On several occasions after meeting with Mr. Owens, Plaintiff's scheduled was changed from swing shift to graveyard shift. This was done to force Plaintiff to quit as Mr. Owens had wanted.

During Plaintiff's scheduled days, labor was cut beyond the levels required to effectively run the operations. However, when Jason Lahne was scheduled, the labor that was deducted from Plaintiff's work days was added to Mr. Lahne's days resulting in surplus labor for Mr. Lahne. This was done to ensure that

things to not go right on days when plaintiff was scheduled in contrast to days when Mr. Lahne was scheduled. This was done to ensure that things became too difficult for the Plaintiff to handle so that he can resign as Mr. Owen had wanted.

47. Conflicting orders were issued by Defendant D'Ambra resulting in different standards of work.

48. Plaintiff alleges that at all times pertinent herein, Plaintiff was a good employee who performed his work duties in a conscientious and professional manner. Accordingly, it hereby is alleged that defendants had no good cause or justification to constructively terminate Plaintiff's employment, and that his termination was motivated by and was the result of unlawful discrimination by defendants against plaintiff because of his National Origin.

**SECOND CAUSE OF ACTION**

(Tortious Discharge in Violation of Public Policy)

49. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 48 of this complaint as well as plaintiff's First and Second Causes of Action as if set forth fully herein.

50. As set forth in the foregoing, on or about May 20, 2005, plaintiff was discharged from her employment with defendant Aria Hotel and Casino because of his National Origin.

51. In or around January 2014, Plaintiff received an email from MGM International indicating that the position of Senior Assistant Executive Steward Position in Aria will remain open. At the time of applying for the position, Plaintiff possessed the necessary job requirements and therefore was a qualified candidate.

52. Plaintiff is a member of a protected class.

53. Plaintiff was denied a promotional opportunity of which he was qualified because on his national origin.

**THIRD CAUSE OF ACTION**

(Statutory claim for National Origin Discrimination)

benefits, and general damages in an amount in excess of the minimal jurisdictional limits of this court;

2. For punitive damages in a sum sufficient to deter;

3. For attorney fees, if applicable, as authorized by law;

**SECOND CAUSE OF ACTION**

4. For special damages including lost wages, lost employee benefits, bonuses, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court;

5. For punitive damages in a sum sufficient to deter;

**THIRD CAUSE OF ACTION**

6. For special damages including lost wages, lost employee benefits, bonuses, vacation benefits, and general damages in an amount in excess of the minimum jurisdictional limits of this court;

7. For punitive damages in a sum sufficient to deter;

**AS TO ALL CAUSES OF ACTION**

8. For costs of suit incurred;

9. For prejudgment interest:

10. For such other and further relief as this court may deem

just and proper.

Dated: December ~~11~~ 22, 2014

Peter Mwithiga

Pro Se

Plaintiff hereby demands a jury trial on all issues.

Dated: December ~~11~~ 22, 2014

Peter Mwithiga

Pro Se

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Peter Mwithiga**
**2800 S. Eastern Ave. Apt. 603**
**Las Vegas, NV 89169**

From: **Fresno Local Office**
**2300 Tulare Street**
**Suite 215**
**Fresno, CA 93721**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2013-00750** | **Benjamin A. Lidholm, Investigator** | **(559) 487-5795** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Melissa Barrios,**
**Director**

9/29/14
*(Date Mailed)*

Enclosures(s)

cc: **ARIA Resprt & Casino, LLC**
**Jessica Goodey**
**Jackson Lewis**
**3800 Howard Hughes Parkway Suite 600**
**Las Vegas, Nevada 89169**



**U.S. Equal Employment Opportunity Commission**
**Fresno Local Office**

2300 Tulare Stree
Suite 215
Fresno, CA 93721
(559) 487-5797
TTY (559) 487-5837
FAX (559) 487-5053

September 26, 2014

Peter Mwithiga
2800 S. Eastern Ave. Apt. 603
Las Vegas, NV 89169

Re: Mwithiga v. MGM Resorts International, Charge No.: 487-2013-00750

Mr. Mwithiga:

We have conducted an investigation of your allegations and have attempted to contact you by phone to provide you with a pre-determination interview. Unfortunately, we were unable to reach you. We are unable to conclude that the evidence obtained establishes violations of the statutes we enforce. Your charge has been dismissed because it was determined that no further action is warranted. You will receive a right to sue from our office. The right to sue gives you the ability to further pursue your claim in the appropriate state or federal court within the time frame indicated.

We hope this information is helpful to you. Unfortunately, there is nothing further the U.S. EEOC can do to assist you with this particular matter. If you have any questions or concerns please call (559) 487-5797.

Sincerely,

BENJAMIN LIDHOLM
Federal Investigator