**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Peter Mwithiga,<br><br>         Plaintiff<br><br>vs.<br><br>MGM Resort International, et al.,<br><br>         Defendants | Case No.: 2-14-cv-2187-JAD-VCF<br><br>**Order Re: Doc. 13** |

In a one-page filing, *Pro se* plaintiff Peter K. Mwithiga moves for summary judgment against defendant Joseph D'Ambra, who he claims "failed to deny any of the charges brought by plaintiff." Doc. 12 at 1. Although D'Ambra's deadline to respond to the motion has not run, in the interests of judicial economy I deny Mwithiga's motion without prejudice due to its obvious failure to comply with the rules for presenting summary judgment motions—chief among them Mwithiga's failure to include any citations to the record in this case, or to include a separate statement of disputed or undisputed material facts, as required by both the federal rules of civil procedure and this district's local rules.[1]

Courts in this district routinely decline to reach the merits of motions for summary judgment that do not contain a separate statement of undisputed facts,[2] and under this district's local rule, "the failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."[3] After Mwithiga filed his motion, I issued a notice under *Klingele v. Eikenberry*[4] and *Rand v. Rowland*,[5] which provided instructions on how to properly file and respond to a motion for summary judgment. I permit Mwithiga leave to re-urge his motion for

---

[1] *See* Fed. R. Civ. Proc. 56(c); Nev. L.R. 56-1.

[2] *See, e.g.*, *John Bordynuik Inc. v. JBI, Inc.*, 2015 WL 153439, at *3 (D. Nev. Jan. 13, 2015); *Engel v. Siroky*, 2014 WL 585769, at *2 (D. Nev. Feb. 14, 2014).

[3] Nev. L.R. 7-2(d).

[4] 849 F.2d 409 (9th Cir. 1988).

[5] 154 F.3d 952 (9th Cir. 1998).

1

summary judgment consistent with the rules of this court.

Assuming *arguendo* that Mwithiga's motion were properly supported, I note that its single argument that D'Ambra "failed to deny any of the charges brought by plaintiff" is meritless. Under Rule 12(a)(1)(A), a party's obligation to respond to a complaint runs only after the party has been properly served. D'Ambra has moved to quash service under Rule 12(b)(5), and to dismiss Mwithiga's allegations under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Docs. 9, 10.[6] Rule 12(b) requires D'Ambra to present these two defenses "before pleading if a responsive pleading is allowed," and Rule 12(a)(4) permits D'Ambra 14 days after denial of these motions to file an answer. Regardless whether D'Ambra has been properly served with a copy of the summons and complaint, his 12(b)(5) and 12(b)(6) motions comply with Rule 12; so long as they remain pending, any request for dismissal on grounds that D'Ambra has failed to answer Mwithiga's complaint are meritless.

Accordingly, it is HEREBY ORDERED that Mwithiga's Motion for Summary Judgment **[Doc.13] is DENIED WITHOUT PREJUDICE** to its re-filing with the proper, rule-compliant support and format.

DATED February 19, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[6] D'Ambra's motions to dismiss and to quash, while filed as separate record entries, are two copies of the same document. Doc. 9 was filed on February 5, 2015; Doc. 10 was filed on February 6, 2015.