**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Peter Mwithiga,

    Plaintiff

vs.

MGM Resort International, et al.,

    Defendants

Case No.: 2-14-cv-2187-JAD-VCF

**Order Granting Leave to Amend and Denying Pending Motions [Docs. 9, 10, 16, 33, 34, 35, 37, 43]**

*Pro se* plaintiff Peter K. Mwithiga was given leave to amend his complaint, Doc. 31, and timely submitted a memorandum with a proposed second amended complaint. Doc. 37 at 5-15. Defendants MGM Resort International, Aria Hotel and Casino, CityCenter Holdings, LLC, and Joseph D'Ambra jointly notified the court that they did not oppose Mwithiga's proposed Second Amended Complaint. Doc. 48. Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." I find Mwithiga's motion for leave to amend is unopposed, has merit for purposes of Federal Rule of Civil Procedure 15(a)'s liberal amendment standard, and should be granted. Mwithiga has until May 6, 2015, to file pages 5-15 of Doc. 37 as a separate document entitled Second Amended Complaint.

    Because Mwithiga's underlying allegations will change, a number of the pending motions that attack the validity of the soon-to-be amended pleadings will be mooted and should be denied without prejudice. These include MGM's Motion to Quash or Motion to Dismiss (Doc. 16), MGM's re-urged Motion to Dismiss (Doc. 35),[1] Aria's Motion to Dismiss (Doc. 33), and CityCenter's Motion to Dismiss (Doc. 34). Additionally, although Mwithiga's motion for summary judgment (Doc. 43) does not specify which version of his complaint he bases his request for summary adjudication on, because it was filed before his second amended complaint, I also deny

---

[1] MGM's re-urged motion to dismiss withdrew that portion of Doc. 16 that sought to quash service of process. *See* Doc. 35. D'Ambra's motion to quash (Doc. 9) is not affected by this order.

1

this motion without prejudice and as moot.

Finally, I note that on April 17, 2015, Mwithiga filed an "errata" to his proposed second amended complaint, in which he states his intention to abandon claims against defendant D'Ambra. Doc. 49. He attaches the "corrected version" of his complaint to the errata and seeks leave to file it. *See id.* What Mwithiga effectively seeks is voluntary dismissal of his claims against D'Ambra under Federal Rule of Civil Procedure 41(a)(1)(A)(i). I thus liberally construe his errata (Doc. 49) as a notice of voluntary dismissal under FRCP 41(a)(1)(A)(i).

Accordingly, it is HEREBY ORDERED that Mwithiga's motion for leave to file a second amended complaint **[Doc. 37] is GRANTED**. Mwithiga is ordered to file pages 5-15 of Doc. 37 as a separate document entitled Second Amended Complaint by May 6, 2015.[2]

It is FURTHER ORDERED that MGM's Motion to Quash or Motion to Dismiss [Doc. 16], MGM's re-urged Motion to Dismiss [Doc. 35],[3] Aria's Motion to Dismiss [Doc. 33], CityCenter's Motion to Dismiss [Doc. 34], and Mwithiga's Motion for Summary Judgment [Doc. 43] are **DENIED WITHOUT PREJUDICE** in light of the forthcoming amendment.

Finally, all claims against Joseph D'Ambra are deemed voluntarily dismissed, and his Motion to Quash [Doc. 9] and Motion to Dismiss [Doc. 10] are **DENIED AS MOOT**.

DATED April 21, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[2] Although this version of the complaint will state claims against D'Ambra, the record will reflect that those claims have been dismissed and are no longer active.

[3] MGM's re-urged motion to dismiss withdrew that portion of Doc. 16 which requested quashing service of process. *See* Doc. 35.

2